Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| EDGAR ABNER REYES COLÓN | | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan |
|---|---|---|
| Recurrido | KLCE202401362 | |
| v. | | Caso núm.: SJ2021RF00002 (708) |
| SHEILA LI BENABE GONZÁLEZ | | |
| Peticionaria | | Sobre: Alimentos |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Rodríguez Casillas y el Juez Candelaria Rosa.

Sánchez Ramos, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 15 de enero de 2025.

En un caso sobre pensión alimentaria, el Tribunal de Primera Instancia ("TPI") ordenó al padre el pago de cierta sanción económica impuesta a favor de la madre y, además, declinó declararlo incurso en desacato por la falta de pago de la misma. Según se explica a continuación, por estar pendiente de resolución ante el TPI una moción de reconsideración oportunamente presentada por el padre en conexión con este asunto, en el ejercicio de nuestra discreción, declinamos la invitación de la madre a intervenir en esta etapa.

I.

Las partes, el Sr. Edgar Abner Reyes Colón (el "Padre") y la Sra. Sheila Li Benabe González (la "Madre"), procrearon una menor de edad (la "Hija"). En un trámite anterior ante este Tribunal

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre *Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones*. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron los correspondientes recursos anteriores (KLCE202200358, KLCE202300137, KLCE202300243, KLAN202300608, KLCE202300890, KLCE202400303, KLCE202400757 y KLRX202400007); véase, además, Orden Administrativa OATA-2023-032 de 27 de febrero de 2023.

(KLCE202400303, o el "Recurso Anterior"), este Tribunal dispuso lo siguiente:

> Por tanto, en o antes de los cinco días laborables siguientes a la expedición del mandato, el demandante deberá satisfacer a la demandada la suma de $1,733.00 (servicios de la cuidadora por el mes de junio de 2023), más $3,000.00 por concepto de honorarios de abogado. En la medida que el demandante no pague la totalidad de dichas cuantías dentro del término provisto, este tendrá que satisfacer una sanción adicional de $200.00 por cada día que transcurra entre la fecha límite aquí dispuesta y la fecha en que finalmente cumpla con lo aquí ordenado.

El mandato de la Sentencia en el Recurso Anterior (la "Sentencia") se emitió el 11 de julio de 2024.

En octubre de este año, la Madre presentó una moción de desacato (la "Moción"). Expuso que el Padre no había pagado las sumas ordenadas por este Tribunal en la Sentencia dentro del término allí dispuesto, sino que solo había realizado un primer pago parcial el 4 de octubre. Requirió al TPI que ordenase al Padre cumplir con el remanente de lo adeudado bajo los términos de la Sentencia, so pena de que se le arrestase por desacato. Además, arguyó que, al no haberse satisfecho la totalidad de los pagos contemplados, la sanción continuaba aumentando diariamente.

El Padre se opuso a la Moción. Indicó que la cuantía pagada en octubre correspondía a $4,733.00 por concepto de lo ordenado en la Sentencia, más $1,500.00 relacionados con otro dictamen de este Tribunal (KLCE202400757). Arguyó que, como la sanción contemplada en la Sentencia no es "parte de los alimentos …, no le es aplicable el desacato civil que aplica al incumplimiento de pago de alimentos". Sostuvo que "dichas penalidades son materia de una acción de cobro de dinero ordinaria".

El Padre alegó que la Madre tiene una "deuda de arrendamiento" con él y que, por tanto, las sanciones serían "compensables" con la referida deuda. Señaló que, en otra acción

civil (SJ2024CV09336, o el "Otro Caso") entre las partes, sobre cobro de dinero, "se han consignado los dineros de las penalidades".

Tomamos conocimiento judicial de que, en el Otro Caso, el Padre le reclama a la Madre el pago de $10,000.00 mensuales por el alquiler del inmueble en que esta vive con la Hija, efectivo desde el 1 de febrero de 2024. En dicho caso, el Padre consignó $15,600.00, correspondientes a la sanción de $200.00 impuesta en la Sentencia, por cada uno de los 78 días trascurridos desde el 19 de julio hasta el 4 de octubre de 2024, cuantía que admitió le debe a la Madre.

La Madre replicó. Afirmó que no ha sido emplazada en el Otro Caso y planteó que, en todo caso, no aplicaba la figura de la compensación, pues ella no tiene una deuda "líquida, vencida y exigible" con el Padre.

El 2 de diciembre, el TPI notificó una Resolución (la "Resolución"). El TPI razonó que, como las sanciones impuestas en la Sentencia no formaban parte de los alimentos, no procedía el "desacato civil". Además, determinó que las sanciones se dejaron de acumular el 4 de octubre de 2024. Estimó que la cuantía debida por concepto de sanciones era de $15,400.00 y le ordenó al Padre pagar dicha cuantía en el término de 45 días.

El 16 de diciembre, a las 8:09pm, la Madre presentó el recurso que nos ocupa. Sostiene que el TPI erró al considerar que no tenía disponible el desacato civil como mecanismo para obligar al Padre a pagar las sanciones impuestas en la Sentencia. Además, planteó que, como las sanciones no se pagaron el 4 de octubre, las mismas continuaban acumulándose. Finalmente, arguyó que el TPI debió condenar al Padre al pago de honorarios de abogado por el trámite dirigido a cobrar las sanciones.

Más tarde ese día, a las 11:20pm, el Padre solicitó al TPI la reconsideración de la Resolución (la "Reconsideración"). Sostuvo que el TPI había errado al ordenarle que pagara las sanciones, pues

ya este las había consignado en el Otro Caso y dicha cuantía estaría sujeta a compensación con la deuda de alquiler que allí se reclama.

El 3 de enero, el Padre nos solicitó que desestimáramos el recurso de referencia. Arguyó que el mismo es prematuro, pues el TPI tiene pendiente de adjudicar la Reconsideración, lo cual interrumpió el término para acudir ante este Tribunal con el fin de solicitar la revisión de la Resolución. Disponemos.

II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Medina Nazario v. McNeil Healthcare* LLC, 194 DPR 723, 728 (2016); *IG Builders, et al v. BBVAPR*, 185 DPR 307, 337-338 (2012), *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). Contrario al recurso de apelación, el tribunal revisor tiene discreción para decidir si expide o no el *certiorari*. Ahora, la discreción no es irrestricta y debe ejercerse de forma razonable, procurando siempre una solución justa. *Medina Nazario*, 194 DPR en la pág. 729; *IG Builders*, 185 DPR en la pág. 338; *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009).

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que se deben examinar al determinar si expedimos un auto de *certiorari*:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### III.

No está claro que tengamos jurisdicción para adjudicar el recurso de referencia. Sin embargo, no es necesario resolver este asunto porque, aun si tuviésemos jurisdicción, declinaríamos ejercer la misma, por razón de la pendencia de la Reconsideración y ante el hecho de que, una vez se adjudique la misma, la parte peticionaria ciertamente tendrá un nuevo término para solicitar la revisión de lo actuado por el TPI.

Adviértase que lo planteado por el Padre en la Reconsideración está directamente relacionado con el asunto objeto del recurso de referencia. Por tanto, aun si tuviéramos jurisdicción, lo cual no está claro, lo más prudente es posponer cualquier intervención nuestra hasta que el TPI haya adjudicado la Reconsideración. A partir de dicho momento, cualquiera de las partes podrá acudir ante este Tribunal con el fin de solicitar que revisemos la Resolución, lo que disponga el TPI en reconsideración, o ambas, según sea el caso.

### IV.

Por los fundamentos antes expuestos, se deniega la expedición del auto solicitado. Se ordena el desglose de las copias de los apéndices del recurso para que la parte peticionaria tenga la oportunidad de utilizar dichas copias si presentase un nuevo recurso.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones